UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER G. FOWLER                                    CIVIL ACTION NO. 07-1438

V.                                                 SECTION F

GULF LOGISTICS OPERATING, INC. AND                 MAGISTRATE 3
TRES MARINE CORPORATION

----------------------------------------------------------------------------------------------------------

### TRES MARINE CORPORATION'S ANSWER TO
### SEAMAN'S ORIGINAL COMPLAINT AND
### REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, comes and appears Tres Marine Corporation (Tres Marine), who requests trial by jury on all issues herein and who for answer to the Seaman's Original Complaint, with respect represents as follows:

FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted as against this defendant.

SECOND DEFENSE

In the alternative, and subject to the exceptive allegations set forth above, Tres Marine denies each and every allegation of the Complaint, except as those which are admitted or modified. Further responding, Tres Marine avers as follows:

1.

The allegations of Paragraph I are denied except to admit this court is a court of proper venue and jurisdiction.

2.

The allegations of Paragraph II are denied except to admit Tres Marine is a Louisiana Corporation with whose agent for service of process is Bryan Mayberry, 130 West 83rd St., Cutoff, LA.

3.

The allegations of Paragraph III are denied except to admit that upon information and belief, the complainant was employed by Gulf Logistics Operating, Inc.

4.

The allegations of Paragraph IV are denied.

5.

Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in section V and therefore denies same.  Defendant further denies that Plaintiff is entitled costs, attorney's fees and/or punitive damages.

6.

The allegations of Paragraph VI are denied.

THIRD DEFENSE

Alternatively, Tres Marine avers that its employees and agents were not guilty of negligence or fault whatsoever and that there is no unseaworthiness for which Tres Marine would be responsible.

FOURTH DEFENSE

In the alternative, and only if it should be found that there was any negligence or unseaworthiness for which this defendant is responsible, which is at all times denied, it is alternatively pled that complainant was guilty of contributory/comparative negligence which bars and in the further alternative mitigates and/or reduces all claims and damages herein.

FIFTH DEFENSE

Tres Marine alternatively pleads a credit and/or offset for any and all maintenance and/or cure and/or weekly benefits and medical expenses previously paid or to be paid to or on behalf of complainant.

SIXTH DEFENSE

Tres Marine further avers that it is entitled to limit its liability pursuant to the Limitation of Liability Act, 46 U.S.C. Section 183(a) et seq.

SEVENTH DEFENSE

In the alternative, Tres Marine expressly pleads that complainant has failed to mitigate his damages, should he have any damages, and if the facts so warrant.

EIGHTH DEFENSE

Tres Marine denies that the accident as alleged caused any injury and/or damages that were permanent and further denies complainant is entitled to recovery under any theory for anything whatsoever.

NINTH DEFENSE

In the further alternative, Tres Marine avers and contends that complainant reached maximum medical cure and therefore is not entitled to any maintenance and/or cure from the date of maximum medical improvement forward.

TENTH DEFENSE

In the alternative, Tres Marine denies that any complaint or injury that complainant alleges is related to any act or event or accident or negligence or unseaworthiness, all of which are denied anyway.

ELEVENTH DEFENSE

In the alternative, Tres Marine avers and contends that complainant is not injured and is capable of full unrestricted work activity and has so demonstrated.

TWELFTH DEFENSE

In the alternative, Defendant further asserts that because it was not Plaintiff's employer, it cannot be liable to Plaintiff under the Jones Act and is not legally obligated to provide him with maintenance and cure.

7.

**Tres Marine prays for trial by jury on all issues herein.**

WHEREFORE, premises considered, Tres Marine Corporation prays that this answer be deemed good and sufficient and that after all due proceedings had, there be judgment herein in favor of Tres Marine Corporation and against complainant, dismissing with full prejudice all of complainant's claims and at complainant's sole costs. **TRES MARINE CORPORATION PRAYS FOR ALL GENERAL AND EQUITABLE RELIEF, ETC. AND FURTHER PRAYS FOR TRIAL BY JURY ON ALL ISSUES HEREIN.**

Respectfully submitted:

ALLEN & GOOCH
A LAW CORPORATION


 /s/Randall K. Theunissen
RANDALL K. THEUNISSEN/12727
ALAN J. MECHE/30631
P.O. Drawer 3768
Lafayette, LA  70502
337-291-1240
ATTORNEYS FOR TRES MARINE
CORPORATION


## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Mr. Seth Cortigene, counsel for complainant and any other party of record.


 /s/Randall K. Theunissen
RANDALL K. THEUNISSEN/12727